NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARAY J. BENTON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**NUCLEAR REGULATORY COMMISSION,**
*Intervenor*

---

2015-3004

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-13-0508-W-1.

---

## ON MOTION

---

Before NEWMAN, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

## O R D E R

On September 26, 2014, Mr. LaRay J. Benton filed an appeal to the Federal Circuit from a decision of the Merit

Systems Protection Board ("MSPB" or "Board") on his Individual Right of Action ("IRA") appeal. The decision is reported at *Benton v. Nuclear Regulatory Commission*, No. DC-1221-13-0508-W-1, 2014 WL 5358394 (M.S.P.B. July 29, 2014). After briefing, this court dismissed the appeal and remanded to the MSPB, for the MSPB conceded error in its reasoning. We held that in view of this concession the MSPB had not rendered a final decision; we remanded to the MSPB on September 12, 2016, for further proceedings. *Benton v. Merit Sys. Prot. Bd.*, 668 Fed. App'x 889 (Fed. Cir. 2016).

On December 15, 2017, the Acting Clerk of the MSPB responded to an inquiry from Mr. Benton as to the status of his appeal, and stated that he should "be advised that at this time the Board lacks a quorum and is not able to issue any decisions that require a majority vote, including in this matter." App. to MSPB's Resp. to Ct. Order 6, ECF No. 70. In response to further correspondence from Mr. Benton, the Acting Clerk made the same statement in a second letter dated March 1, 2019. App. to MSPB's Resp. 7. We take notice that a quorum is still absent.

On February 25, 2019, Mr. Benton filed with this court a "Motion for Enforcement, Civil Contempt, Sanctions, and for Other Equitable Relief", based on this lengthy and continuing inaction. Pet'r's Mot. 1, ECF No. 68. He cites the inherent power of courts, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Pet'r's Mot. 5 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1982)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821))). Mr. Benton asks this court to

exercise its inherent powers, and grant the relief he has been requesting from the MSPB.

We requested responses from the MSPB and the Nuclear Regulatory Commission. The MSPB's response, from its Deputy General Counsel, stated that no action could be taken on our remand because after January 7, 2017, the Board had only a single serving member, and thus lacked a quorum. MSPB's Resp. to Ct. Order 6, ECF No. 70. Addressing the delay suffered by Mr. Benton, Counsel stated:

> The MSPB has no internal mechanism or authority to transfer a voted case or a case residing with a Board member to an administrative judge absent direction by the Board members to do so. Due to the strict division between headquarters (second-level review) and regional office (initial review) cases, such a situation would be extremely unusual. Because it is currently without any Board members to direct or agree on such a plan, the MSPB believes it lacks internal authority to transfer Mr. Benton's case from the petition for review level to an administrative judge.

MSPB's Resp. 7. However, Counsel offered a suggestion:

> The MSPB could, however, perform such an action if it were authorized and ordered by this Court because compliance with such an order would be entirely ministerial. The MSPB takes no position on whether the Court should issue such an order.

*Id.* We adopt the suggestion, for we agree that such an order is appropriate under the circumstances of this case and in connection with the remand we directed. Thus, we instruct the transfer of this remand from the "petition for review level" to an administrative judge. Such transfer

implements the content and purpose of our remand for further proceedings at the MSPB.

Accordingly,

IT IS ORDERED THAT:

Mr. Benton's motion is granted to the extent that this appeal is ordered to be transferred to an administrative judge for review, investigation, and resolution of the issues for which this court remanded to the Board. Mr. Benton's other requests for relief are denied.

FOR THE COURT

April 30, 2019                          /s/ Peter R. Marksteiner
        Date                              Peter R. Marksteiner
                                          Clerk of Court